```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JOSE M. VELAZQUEZ

                    Plaintiff,            06-CV-0343

          v.
                                          DECISION
MICHAEL J. ASTRUE, COMMISSIONER OF        and ORDER
SOCIAL SECURITY

                    Defendants.
_____
```

By Motion dated April 8, 2008, defendant Commissioner of Social Security ("Commissioner") moves for relief from a judgment of this Court dated November 1, 2007. Specifically, the Commissioner contends that he "should be relieved from the portion of the Court's judgment which overlooked regulations, Social Security Ruling (SSR) 96-6p and case law when it found that the opinion of a non-examining physician cannot be treated as substantial evidence in support of an Administrative Law Judge's (ALJ's) decision." Defendant's Memorandum of Law in Support of Motion for Relief from Judgment at p. 1.

Defendant's motion is denied. The basis for my November 1, 2007 Decision and Order, in which I found that the case should be remanded to the ALJ for further development of the record, was that "it was error for the ALJ to rely upon the opinion of . . . a non-treating, non-examining doctor <u>to the exclusion of the medical evidence in the record submitted by treating physicians in finding that plaintiff was not disabled.</u>" November 1, 2007

Decision and Order at p. 7.[1] (emphasis added)  In other words, I held that because the opinion of Dr. Pou, the non-examining, non-treating physician who opined that plaintiff did not suffer from a mental condition or conditions that rendered him disabled, was not in accord with the substantial evidence in the record (including medical evidence from consultative and treating physicians) suggesting that plaintiff suffered from serious, disabling, mental conditions, the Commissioner erred in finding that Dr. Pou's opinion constituted substantial evidence of non-disability.  The error was particularly egregious in this instance, where the basis of plaintiff's alleged disability is a mental condition.  As I stated in my November 1, 2007 Decision and Order, and reaffirm here:

> In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient.
>
> . . .
>
> The psychiatric treating model requires that a doctor treating a psychiatric patient conduct an interview, and medical examination of the patient. [Westphal v. Eastman Kodak Co., 2006 WL 1720380 *4, 5 (W.D.N.Y. 2006)]("Because of the inherent subjectivity of a psychiatric diagnosis, and because a proper diagnosis requires a

---

[1] In so holding, I noted that the ALJ "selectively ignored all of the evidence supporting plaintiff's claim of disability as reported by Drs. Hernandez, Babalonia and Diaz.  The ALJ gave no explanation for disregarding the findings of plaintiff's treating and examining physicians . . . ." November 1, 2007 Decision and Order at p. 6.

> personal evaluation of the patient's credibility and affect, it is the preferred practice that a psychiatric diagnosis be made based upon a personal interview with the patient.") (citations omitted)
>
> . . .
>
> Dr. Pou's observation of the plaintiff while testifying was no substitute for a personal examination and, therefore, his psychiatric opinion based on that limited experience is certainly less reliable than an opinion formed on the basis of a face-to-face, personal, confidential interview with the patient. The Social Security regulations do not contemplate that the opinions of a non-examining physician be treated as substantial evidence. See 20 C.F.R. § 404.1527(d)(1). See also, Filocomo v. Chater, 944 F.Supp. 165, 170 n. 4 (E.D.N.Y. 1996) ("[T]he conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little, if any, weight.")

November 1, 2007 Decision and Order at pp. 6-7.

The Commissioner takes issue with my finding that "[t]he Social Security regulations do not contemplate that the opinions of a non-examining physician be treated as substantial evidence", and cites several authorities in support of the position that a non-examining physician's opinion may be considered in determining whether or not a claimant is disabled. That authority is well settled, and this court did not state nor attempt to state any bright-line rule that the decision of a non-examining physician may never be relied on by an ALJ in determining whether or not the substantial evidence in the record

supports a finding of disability or non-disability. Rather my finding that Dr. Pou's opinion could not constitute substantial evidence of non-disability cannot be divorced from the context of the entire holding, which was summarized in the sentence immediately following the objected-to language, which held that "it was error for the ALJ to rely upon the opinion of . . . a non-treating, non-examining doctor <u>to the exclusion of the medical evidence in the record submitted by treating physicians in finding that plaintiff was not disabled.</u>" November 1, 2007 Decision and Order at p. 7. (emphasis added). Because Dr. Pou's opinion deviated far from the opinions of plaintiff's treating and consulting doctors, it was improper for the ALJ to rely on Dr. Pou's opinion as substantial evidence supporting a finding of non-disability.

    Because this court's finding was correct as a matter of law and fact, I deny defendant's motion for relief from judgment.


    ALL OF THE ABOVE IS SO ORDERED

                          S/Michael A. Telesca
                            MICHAEL A. TELESCA
                        United States District Judge

Dated:    Rochester, New York
           November 13, 2008